UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No.: 1:15-cv-03275-VSB
MARION SHARKEY,

                Plaintiff,

   -against-                                               **AMENDED COMPLAINT**

GP 275 OWNER LLC., RFR HOLDING, LLC.,
RFR REALTY LLC., and MALATESTA PALADINO, INC.

                                                       Plaintiff Demands
                Defendants.                         Trial by Jury
------------------------------------------------------------------X

       Plaintiff, **Marion Sharkey** by her attorneys, **ROBINSON & YABLON, P.C,** as and for her verified complaint, sets forth the following:

## BASIS OF JURISDICTION

       1.    The jurisdiction of this Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1391 (a) (2) as the dispute involves parties from different States, damages are in excess of this Court's jurisdictional limits and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## IDENTITY OF PARTIES

       2.    The plaintiff, Marion Sharkey is a resident of the State of New Jersey. The defendant, GP 275 Owner LLC. is a domestic limited liability company formed and conducting business in the State of New York. The defendant, RFR Holding, LLC. is a domestic limited liability company formed and conducting business in the State of New York. The defendant, RFR Realty LLC. is a domestic limited liability company formed and conducting business in the State of New York. The defendant, Malatesta Paladino, Inc. is a domestic limited liability company formed and conducting business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

3. That at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. owned, operated, maintained, repaired, managed and controlled the premises known as and located at 275 Madison Avenue, New York, New York 10016.

4. That at all times hereinafter mentioned, Defendant, RFR Holding, LLC. owned, operated, maintained, repaired, managed and controlled the premises known as and located at 275 Madison Avenue, New York, New York 10016.

5. That at all times hereinafter mentioned, Defendant, RFR Realty LLC. owned, operated, maintained, repaired, managed and controlled the premises known as and located at 275 Madison Avenue, New York, New York 10016.

6. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. was responsible to keep and maintain its property including the abutting sidewalk located thereat with reasonably safe conditions for pedestrians.

7. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC. was responsible to keep and maintain its property including the abutting sidewalk located thereat with reasonably safe conditions for pedestrians.

8.  That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC. was responsible to keep and maintain its property including the abutting sidewalk located thereat with reasonably safe conditions for pedestrians.

9.  That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. had control of the subject property including the sidewalk area leading to and from its premises, and it was the duty of the Defendant, GP 275 Owner LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to make any and all necessary repairs, changes, removals and amendments to the area thereto for the purpose of keeping same with reasonably safe conditions for pedestrians, including, Plaintiff, Marion Sharkey.

10. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC. had control of the subject property including the sidewalk area leading to and from its premises, and it was the duty of the Defendant, RFR Holding, LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to make any and all necessary repairs, changes, removals and amendments to the area thereto for the purpose of keeping same with reasonably safe conditions for pedestrians, including, Plaintiff, Marion Sharkey.

11. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC. had control of the subject property including the sidewalk area leading to and from its premises, and it was the duty of the Defendant, RFR Realty LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to make any and all necessary repairs, changes, removals and amendments to the area thereto for the purpose of keeping same with reasonably safe conditions for pedestrians, including, Plaintiff, Marion Sharkey.

12. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. knew or should have known of the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, creating an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

13. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC. knew or should have known of the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, creating an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

14. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC. knew or should have known of the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, creating an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

15. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. caused and created the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, by constructing an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

16. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC. caused and created the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, by constructing an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

17. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC. caused and created the defective and dangerous conditions along the sidewalk leading to its lobby entrance on East 40th Street, by constructing an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

18. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC. failed to keep and maintain the subject property, including the sidewalk leading to its lobby entrance on East 40th Street, in accordance with the duties and obligations set forth in The New York City Administrative Code.

19. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC. failed to keep and maintain the subject property, including the sidewalk leading to its lobby entrance on East 40th Street, in accordance with the duties and obligations set forth in The New York City Administrative Code.

20. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC. failed to keep and maintain the subject property, including the sidewalk leading to its lobby entrance on East 40th Street, in accordance with the duties and obligations set forth in The New York City Administrative Code.

21. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner, LLC., its agents, employees or servants had control of the aforementioned property including the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, RFR Holding LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

22. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC., its agents, employees or servants had control of the aforementioned property including the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, RFR Holding LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

23. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC., its agents, employees or servants had control of the aforementioned property including the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, RFR Holding LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

24. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, GP 275 Owner LLC., its agents, employees or servants made a special use of the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, GP 275 Owner LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

25. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Holding, LLC., its agents, employees or servants made a special use of the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, RFR Holding, LLC, to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

26.     That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, RFR Realty LLC., its agents, employees or servants made a special use of the sidewalk leading to its lobby entrance on East 40th Street, and it was the duty of the Defendant, RFR Realty LLC. to use proper and reasonable care in the ownership, management, care, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

27.     That on April 1, 2015 at approximately 11:30 a.m., while Plaintiff, Marion Sharkey was lawfully walking upon the aforementioned sidewalk leading defendants' lobby entrance on the East 40th Street side of the building known as 275 Madison Avenue, New York, New York 10016 she was caused to fall after tripping on dangerous, defective, dilapidated, unsafe, broken sidewalk conditions which were under renovation and construction at the aforementioned premises.

28.     That on and before April 1, 2015, Defendant, GP 275 Owner LLC had negligently, carelessly and recklessly maintained its property.

29.     That on and before April 1, 2015, Defendant, RFR Holding, LLC had negligently, carelessly and recklessly maintained its property.

30.     That on and before April 1, 2015, Defendant, RFR Realty LLC had negligently, carelessly and recklessly maintained its property.

31. The Plaintiff, Marion Sharkey was injured in this incident through the negligence, carelessness and recklessness of the Defendants, its agents, employees or servants in the ownership, operation, maintenance, management, control and upkeep of the subject property.

32. The Plaintiff, Marion Sharkey was injured in this incident through the negligence, carelessness and recklessness of the Defendants, its agents, employees or servants in the ownership, operation, maintenance, management, control and upkeep of the subject property without any negligence, carelessness or recklessness on the part of the Plaintiff Marion Sharkey, contributing thereto.

33. As a result of the Defendants, negligence, carelessness and recklessness, Plaintiff, Marion Sharkey was rendered sick, sore, lame and disabled, and so remains; she sustained severe injuries to her right knee, kneecap and patella and required surgery under general anesthesia with open reduction and internal fixation; she still suffers and will continue to suffer, severe physical pain; was compelled to, did, and will continue to undergo medical treatment.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats, re-itterates, and re-alleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. was a concrete and masonry contracting firm.

36. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. was retained and hired to perform concrete and masonry contracting work at the premises known as and located at 275 Madison Avenue, New York, New York 10016 by Defendant, GP 275 Owner LLC.

37. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. was retained and hired to perform concrete and masonry contracting work at the premises known as and located at 275 Madison Avenue, New York, New York 10016 by Defendant, RFR Holding, LLC.

38. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. was retained and hired to perform concrete and masonry contracting work at the premises known as and located at 275 Madison Avenue, New York, New York 10016 by Defendant, RFR Realty, LLC.

39. That at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. operated, maintained, repaired, managed and controlled the premises known as and located at 275 Madison Avenue, New York, New York 10016.

40. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. was responsible to keep and maintain its property including the abutting sidewalk located thereat with reasonably safe conditions for pedestrians.

41. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. had control of the subject property including the sidewalk area leading to and from the aforementioned premises, and it was the duty of the Defendant, Malatesta Paladino, Inc. to use proper and reasonable care in the construction, renovation, maintenance, control and upkeep of said property, and to make any and all necessary repairs, changes, removals and amendments to the area thereto for the purpose of keeping same with reasonably safe conditions for pedestrians, including, Plaintiff, Marion Sharkey.

42. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. knew or should have known of the defective and dangerous conditions along the sidewalk leading to the 40th Street lobby entrance of 275 Madison Avenue, New York, New York 10016, creating an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

43. That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. caused and created the defective and dangerous conditions along the sidewalk leading to the 40th Street lobby entrance of 275 Madison Avenue, New York, New York 10016 by constructing an unsafe place for pedestrians, and in particular, Plaintiff, Marion Sharkey using the sidewalk thereat.

44.  That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. failed to keep and maintain the subject property, including the sidewalk leading to the lobby entrance on East 40th Street, in accordance with the duties and obligations set forth in The New York City Administrative Code.

45.  That on and before April 1, 2015 and at all times hereinafter mentioned, Defendant, Malatesta Paladino, Inc. its agents, employees or servants had control of the aforementioned property including the sidewalk leading to the lobby entrance on East 40th Street, and it was the duty of the Defendant, Malatesta Paladino, Inc. to use proper and reasonable care in the construction, renovation, repair, maintenance, control and upkeep of said property, and to perform construction, repairs, changes, removals and amendments in a safe manner for pedestrians, including for Plaintiff, Marion Sharkey.

46.  That on April 1, 2015 at approximately 11:30 a.m., while Plaintiff, Marion Sharkey was lawfully walking upon the aforementioned sidewalk leading to the lobby entrance on the East 40th Street side of the building known as 275 Madison Avenue, New York, New York 10016 she was caused to fall after tripping on dangerous, defective, dilapidated, unsafe, broken sidewalk conditions which were under renovation and construction at the aforementioned premises.

47.  That on and before April 1, 2015, Defendant, Malatesta Paladino, Inc. had negligently, carelessly and recklessly performed masonry and concrete construction and repair at the aforementioned property.

48. The Plaintiff, Marion Sharkey was injured in this incident through the negligence, carelessness and recklessness of the Defendant, Malatesta Paladino, Inc. its agents, employees or servants in the construction, renovation, repair, maintenance, control and upkeep of said property.

49. The Plaintiff, Marion Sharkey was injured in this incident through the negligence, carelessness and recklessness of the Defendant, Malatesta Paladino, Inc. its agents, employees or servants in the construction, renovation, repair, maintenance, control and upkeep of the subject property without any negligence, carelessness or recklessness on the part of the Plaintiff, Marion Sharkey, contributing thereto.

50. As a result of the Defendant, Malatesta Paladino, Inc.'s negligence, carelessness and recklessness, Plaintiff, Marion Sharkey was rendered sick, sore, lame and disabled, and so remains; she sustained severe injuries to her right knee, kneecap and patella and required surgery under general anesthesia with open reduction and internal fixation; she still suffers and will continue to suffer, severe physical pain; was compelled to, did, and will continue to undergo medical treatment.

51.    This cause of action falls within one or more of the exceptions set forth in New York Civil Practice Laws & Rules §1602.

52.    That by reason of the foregoing, Plaintiff, Marion Sharkey has been damaged in the sum of Three Million Dollars ($3,000,000.00) and demands judgment against the Defendants, GP 275 Owner LLC, RFR Holding, LLC, RFR Realty LLC. and Malatesta Paladino, Inc.

WHEREFORE, Plaintiff, Marion Sharkey demands judgment against the Defendants, GP 275 Owner LLC., RFR Holding, LLC. and RFR Realty LLC. in the sum of $3,000,000.00 (THREE MILLION DOLLARS) jointly and severally in Causes of Action One and Two along with such other and further relief as may be granted by the Court, including but not limited to the costs and disbursements of this action.

Dated: New York, New York
       May 21, 2015

                                        **ROBINSON & YABLON, P.C.**
                                        Attorneys for Plaintiff

                                        /S/
                                        _____
                                        By: Joel H. Robinson (JHR 6546)
                                        232 Madison Avenue, Suite 1200
                                        New York, New York 10016
                                        (212) 725-8566